[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
 Date of Sentence : July 31, 1992 Date of Application : August 25, 1992 Date Application Filed : August 25, 1992 Date of Decision : March 23, 1993 CT Page 3649
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford/New Britain, Docket No. CR91-121118;
Michael R. Peck, Esq., Defense Counsel, for Petitioner.
John Dropick, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
By the Division:
The petitioner, who was twenty years of age at the time of sentencing, was convicted following a jury trial of the crime of Felony Murder (C.S.G. Sec. 53a-54C). In connection with the same incident, prior to the jury verdict, he entered pleas of guilty to a charge of Burglary, 1st degree (C.G.S. Sec. 53a-101(a)(1), and 53a-8); Robbery 1st degree (C.G.S. Sec. 53a-134(a)(2) and 53a-8); Conspiracy to commit Burglary 1st degree (C.G.S. Sec. 53a-101 and 53a-48); and Larceny, 3rd degree (C.G.S. Sec. 53a-124(a)(1) and 53a-8).
He was sentenced to a total effective sentence of 60 years as follows:
Felony Murder — 60 years
Burglary, 1st degree — 20 years — Concurrent
Robbery, 1st degree — 20 years — Concurrent
 Conspiracy-Burglary, 1st degree — 20 years — Concurrent
Larceny, 3rd degree — 5 years — Concurrent.
The petitioner claims that his sentence is disproportionate when compared to that of a co-defendant (Santiago), who was convicted after a jury trial of similar charges, but who received a sentence of 50 years. The petitioner points out that the co-defendant was unruly during CT Page 3650 his trial, even so far as punching a sheriff.
The petitioner was one of 3 or 4 people who were involved in the burglary of the victim's house, believing that the victim had substantial cash on hand. Whether they expected the victim to be home or not is disputed, but in fact the victim was home and was shot to death during the burglary-robbery.
The petitioner, unlike the co-defendant Santiago, had burglarized the victim's home previously and was responsible for the planning of the burglary which led to the victim's death. As the sentencing Court noted, he played a significant leadership role in the endeavor. After the victim was killed, the group used his money for a trip to Atlantic City.
The petitioner, despite his youth, had a prior conviction for Robbery, 2nd degree involving the robbery of a convenience store clerk.
He appears to be a remorseless and amoral individual who represents a serious threat to the community. Given the circumstances of this case and considering the nature of the petitioner and the purposes of a sentence of confinement, the Division concludes that the sentence imposed was neither unfair nor disproportionate. It is affirmed.
Purtill, Klaczak and Norko, J., participated in this decision.